**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALBERTO JOSE ARAUJO SANCHEZ,

Petitioner,

v.

Case No. 1:26-cv-02422-MIS-KRS

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security.

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Alberto Jose Araujo Sanchez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, entered on July 27, 2026. The federal Respondents filed a Response on August 11, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

Petitioner is a citizen of Venezuela without lawful status in the United States. Resp., Ex. A. He entered the United States near El Paso, Texas, on or about January 1, 2023. Id. He has no criminal history. Resp., Ex. C. He was arrested by U.S. Immigration and Customs Enforcement

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

officers on July 17, 2026, without notice of the reason for his detention or an opportunity to challenge it, just five days before he was scheduled to have surgery for testicular cancer. Pet. at 2. He has apparently been detained ever since and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Id. at 1. He was not provided a bond hearing either prior or subsequent to his arrest. Id. at 1, 6. Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process. Id. He seeks immediate release from detention. Id. at 7.

On July 29, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, [180 F.4th 1226], (10th Cir. June 30, 2026), requires relief." Id.

In their Response, the federal Respondents recognize that Santillan Quiroz is the controlling law in the Tenth Circuit, while preserving the right to challenge its correctness or conclusion on appeal to the Tenth Circuit or in a petition for a writ of certiorari to the Supreme Court. Resp. at 3. Respondents also recognize that the facts here are not materially distinguishable from those in Santillan Quiroz. Id. at 2. Respondents thus do not object to an order requiring a bond hearing, but do object, without providing any reason or evidence, to Petitioner's request for immediate release. Id. at 3.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case, as Respondents recognize.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Alberto Jose Araujo Sanchez from custody/detention without restraints beyond those that existed before his unlawful detention;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE